**Brown v. Commonwealth**

*W. Marshall Dawsey*, for appellant.
*Ralph E. Kates*, for Commonwealth.

COHEN, Member, December 30, 1974—This matter is before the board on the appeal of Ronald Brown, d/b/a Ron Brown Landfill (Brown) from an order of the Pennsylvania Department of Environmental Resources, issued October 9, 1973, by which the department ordered appellant immediately to cease operation of his landfill and to terminate such operation in a manner consistent with the provisions of paragraph one of the operative portion of the order. The department also ordered Brown to abate the pollution resulting from leachate discharges caused by the operation of the landfill and to provide the department with preliminary plans of action to be taken, and intended to be taken, in compliance with the departmental order.

On October 23, 1973, Brown filed an appeal with this board from the said order of the Department of Environmental Resources. Thereafter, appellant filed a pre-hearing memorandum with the board pursuant to an order to do so. The Department of Environmental Resources filed preliminary objections to the appeal of Brown and to his pre-hearing memorandum. Thereafter, this board issued a rule to show cause why the preliminary objections in the nature of a demurrer should not be sustained and the appeal dismissed. In an effort to narrow the legal issues in this matter, the

board held a pre-hearing conference at which the parties agreed to submit legal briefs in support of their respective positions. This, the parties have not done.

This matter is being decided without an evidentiary hearing on the basis of the preliminary objections raised by the Commonwealth. The preliminary objections are being treated as a motion to dismiss.

## FINDINGS OF FACT

1. Appellant, Ronald Brown, is an individual doing business as Ron Brown Landfill in Wyalusing Township, Bradford County, Pa.

2. Appellee is the Pennsylvania Department of Environmental Resources (hereinafter "the department").

3. Appellant operates a landfill in Wyalusing Township, Bradford County, Pa., without a permit from the department, as is required by the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), as amended, 35 PS §6001, et seq.

4. On October 9, 1973, the department issued appellant an order to cease immediately the operation of his landfill and to terminate the operation in conformity with the provisions of paragraph one of the operative portion of the order which reads as follows:

"Brown shall immediately cease all operation of said landfill and shall terminate the operation in accordance with Title 25, Chapter 75, Rules and Regulations of the Department. This termination procedure shall include but not be limited to:

"(a) A final layer of clean cover soil, compacted to a minimum uniform depth of two (2') feet, shall be placed over the entire surface of the area affected by the deposition of solid waste.

"(b) Grade all slopes on the landfill to not less than one (1%) percent, nor greater than fifteen (15%) per-

cent; and graded so as to minimize the ponding of surface waters on the landfill area.

"(c) Implement a plan for surface water management to minimize drainage onto the landfill area and percolation of surface water through the landfill.

"(d) Revegetate the surface and slopes of the landfill area according to the requirements of Title 25, Chapter 75."

5. The department also ordered appellant to abate the pollution resulting from leachate discharges caused by the operation of the landfill and to provide the department with preliminary plans of action to be taken and intended to be taken to comply with the departmental order.

6. On October 23, 1973, appellant filed a timely appeal with this board from the said order of the department. Thereafter, pursuant to an order to do so, appellant filed a pre-hearing memorandum with this board.

7. The department filed preliminary objections to the appeal and pre-hearing memorandum of appellant. Said objections were in the nature of a demurrer. The board issued upon appellants a rule to show cause why the preliminary objections should not be sustained and the appeal dismissed.

8. In his notice of appeal, appellant set forth the following reasons for setting aside the departmental order:

"1. Appellant has hired a professional engineer to perform engineering services for the design of a sanitary landfill for solid waste disposal and to help the appellant in the preparation of a permit for a solid waste disposal landfill. Attached hereto and marked Exhibit B is a contract with Wyoming Sand and Stone Company concerning the preparation of the design for a sanitary landfill.

"2. The appellant has complied with the Solid Waste Act.

"3. The appellant collects solid waste in a three-county area, which includes seven (7) townships and two (2) boroughs. The appellant collects all solid waste from the Wyalusing Area School District once a day.

"4. The appellant collects solid waste from 50 commercial establishments twice a week.

"5. The appellant collects solid waste from 900 individual homes once a week.

"6. The appellant collects solid waste from 250 additional summer homes once a week during the months of June through September.

"7. There are no acceptable municipal landfills within the area which the appellant serves.

"8. The action of the Board in ordering the appellant to cease all operation of said landfill is not in the best interests of the citizens of the area involved and will be detrimental to the public health and welfare."

9. In his pre-hearing memorandum, appellant reiterates the reasons set forth in his notice of appeal and further contends that the Pennsylvania Solid Waste Management Act, supra, and the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., are unconstitutional.

## DISCUSSION

Appellant, Brown, operates a solid waste disposal facility located in Wyalusing Township, Bradford County, Pa. Said landfill is being operated contrary to the provisions of the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), as amended, 35 PS §6001, et seq., in that it is being operated without a permit as is required by the act. Appellant has set forth no reason in his appeal or in any document filed with the board subsequent to the

appeal which in any manner cast doubt upon the legal validity of the order of the department. Even assuming, as the department has done in its demurrer, that all the averments of fact in appellant's notice of appeal and pre-hearing memoranda are true, appellant has set forth no reasons why he should be entitled to operate a landfill without a permit from the department. The law is clear on this matter. Section 7 of the act makes it unlawful to conduct a landfill without a permit.

Furthermore, appellant has alleged that the Pennsylvania Solid Waste Management Act, supra, and the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., are unconstitutional in that they prevent him from using his property as a landfill. With respect to the constitutionality of the Clean Streams Law, supra, Commonwealth v. Harmar Coal Company, 452 Pa. 77, 306 A. 2d 308 (1973), is dispositive of this issue. As the court in Harmar said, at page 306 A. 2d 316:

"We disagree with the Commonwealth Court's analysis. There is no question as to the constitutionality of either the 1965 or 1970 forms of the Clean Streams Law as applied to these cases. A State in the exercise of its police power may, within constitutional limitations, not only suppress what is offensive, disorderly or unsanitary, but enact regulations to promote the public health, morals or safety and the general well-being of the community. Bacon v. Walker, 204 U.S. 311, 27 S. Ct. 289, 51 L.Ed. 499 (1907). This power has been used to prevent industrial practices in the use of private property which were injurious to the public. The Slaughter-House Cases, 83 U.S. 36, 16 Wall. 36, 21 L.Ed. 394 (1873)."

We are of the opinion further, that the Pennsylvania

Solid Waste Management Act, supra, is a legitimate exercise of the police power of the Commonwealth and that it, therefore, does not offend either the fourteenth amendment of the Federal Constitution or article I, sec. 10, of the Pennsylvania Constitution. Both acts, being reasonable exercises of the police power, cannot be construed as takings of property for which compensation must be made. The applicable principles in this regard are stated in 16 Am. Jur. 2d, Constitutional Law, §301, pages 590-91, as follows:

"The fact that police laws and regulations prevent the enjoyment of certain individual rights in property without providing compensation therefor does not necessarily render them unconstitutional as violating the due process clause or as appropriating private property for public use without compensation. Such laws, when reasonable and adapted to the scope and objects covered by the police power, are not considered as appropriating private property for public use, but simply as regulating its use and enjoyment by the owner. If he suffers injury, it is either damnum absque injuria, or, in the theory of the law, he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure.

"Under the foregoing principles, it is settled that as a general rule, regulations which the state authorizes in the proper exercise of its police power with respect to the use of property are entirely independent of any question of compensation for such use. Hence, acts done in the proper exercise of the police power, which merely impair the use of property, do not constitute a taking within the meaning of the constitutional requirement as to the making of compensation for the taking of property for public use, and accordingly do not entitle the owner of such property to

compensation from the state or its agents or give him any right of action for the injuries sustained. The power which the states have of prohibiting such use by individuals of their property as will be prejudicial to the health, morals, or safety of the public is not burdened with the condition that the state must compensate such individual owners for pecuniary losses they may sustain by reason of their not being permitted, by a noxious use of their property, to inflict injury upon the community. . . ." (Footnotes omitted.)

## CONCLUSIONS OF LAW

1. Ronald Brown, d/b/a Ron Brown Landfill, illegally operates a landfill in Wyalusing Township, Bradford County, Pa., in violation of the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), as amended, 35 PS §6001, et seq.

2. Both the Pennsylvania Solid Waste Management Act, supra, and the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., are valid exercises of the police power of the Commonwealth of Pennsylvania and do not violate the due process clauses of the Federal or State Constitutions.

3. Appellant has set forth no basis upon which the order of the Department should be set aside.

## ORDER

And now, December 30, 1974, the order of the Department of Environmental Resources issued to Ronald Brown, d/b/a Ron Brown Landfill, and issued on October 9, 1973, is hereby affirmed and the appeal of said Ronald Brown is hereby dismissed.